IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SEAN JULANDER,<br><br>    Plaintiff,<br><br>v.<br><br>WALLACE LEE, in his official capacity as Judge, 6th District Sevier Co., and in his individual capacity,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br><br><br>Case No. 2:18-CV-9 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion to Dismiss. Plaintiff failed to respond to the Motion and the time for doing so has expired. For the reasons discussed below, the Court will grant the Motion.

I.  BACKGROUND

Plaintiff, proceeding *pro se*, brings this action against Wallace Lee, a Utah state court judge. Plaintiff complains of certain orders Judge Lee issued during Plaintiff's pending divorce and custody proceedings.[1] Plaintiff alleges that these orders were issued based on false information and without giving him the opportunity to respond. Plaintiff also alleged that Judge Lee should have recused himself based on his relationship with the former presiding judge, Judge Bagley, against whom Plaintiff has also brought suit.[2] Through his Complaint, Plaintiff requests a modification of the state court's custody decree and he reserves the right to seek monetary and punitive damages.

---

[1] Judge Lee has since recused himself from the case.
[2] *See* Case No. 2:17-CV-1315 DB.

1

II. STANDARDS OF REVIEW

Rule 12(b)(1) of the Federal Rules of Civil Procedure empowers a court to dismiss a complaint for "lack of subject-matter jurisdiction." The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction.[3] "Rule 12(b)(1) motions can take the form of either a 'facial' or a 'factual' attack on the court's subject matter jurisdiction."[4] "A facial attack looks only to the factual allegations of the complaint in challenging the court's jurisdiction."[5] With a facial attack, the Court applies "the same standards under Rule 12(b)(1) that are applicable to a Rule 12(b)(6) motion to dismiss for failure to state a cause of action."[6]

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[7] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[8] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[9] "A pleading that offers 'labels and conclusions' or 'a formulaic

---

[3] *Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir. 1974).

[4] *Ingram v. Faruque*, 728 F.3d 1239, 1242 (10th Cir. 2013).

[5] *Muscogee (Creek) Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 n.1 (10th Cir. 2010).

[6] *Id.*

[7] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[8] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[10]

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[11] As the Court stated in *Iqbal*,

> only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.[12]

In considering a motion to dismiss, a district court not only considers the complaint, "but also the attached exhibits,"[13] "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[14] The Court "may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."[15]

---

[10] *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original).

[11] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[12] *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted).

[13] *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011).

[14] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

[15] *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

## III. DISCUSSION

A. *YOUNGER* ABSTENTION

Defendant argues that Plaintiff's claims are barred by the *Younger*[16] abstention doctrine. "The Supreme Court has established three factors to be relevant to our decision as to whether abstention is required under *Younger*."[17] The Court considers whether: "(1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies."[18] "Once these three conditions are met, *Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain."[19]

Here, there is an ongoing state court proceeding involving the same subject matter. The state court provides Plaintiff an adequate forum to hear the claims raised here. Finally, that state proceeding involves important state interests related to family law. Therefore, the Court lacks jurisdiction to hear Plaintiff's claims to the extent they seek to inject this Court into the ongoing divorce and custody proceedings. Defendant requests that Plaintiff's claims be dismissed with prejudice. However, *Younger* abstention dismissals are considered to be without prejudice.[20]

---

[16] *Younger v. Harris*, 401 U.S. 37 (1971).

[17] *Chapman v. Okla.*, 472 F.3d 747, 749 (10th Cir. 2006).

[18] *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003) (quotation marks and citation omitted).

[19] *Id.*

[20] *See Goings v. Sumner Cty. Dist. Attorney's Office*, 571 F. App'x 634, 640–41 (10th Cir. 2014).

B.  DOMESTIC RELATIONS EXCEPTION

Defendant further argues that the Court lacks jurisdiction under the domestic relations exception. "It is well-established that federal courts lack jurisdiction over '[t]he whole subject of the domestic relations of husband and wife, [and] parent and child.'"[21] For substantially the same reasons that the Court must abstain under *Younger*, the Court lacks jurisdiction under the domestic relations exception to provide the relief requested by Plaintiff.

C.  JUDICIAL IMMUNITY

Defendant also argues that he is entitled to judicial immunity to the extent that Plaintiff is seeking monetary damages. "A long line of [Supreme Court] precedents acknowledge[] that, generally, a judge is immune from a suit for money damages."[22] The Supreme Court has recognized that "[a]lthough unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer . . . shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'"[23]

Judicial immunity is not "overcome by allegations of bad faith or malice" or corruption.[24] This immunity can be overcome only when a judge either (1) acts outside the judge's judicial capacity, or (2) takes judicial action in absence of all jurisdiction.[25] Acts outside a judge's

---

[21] *Hunt v. Lamb*, 427 F.3d 725, 727 (10th Cir. 2005) (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1982)) (alterations in original).

[22] *Mireles v. Waco*, 502 U.S. 9, 9 (1991).

[23] *Id.* at 10 (quoting *Bradley v. Fisher*, 13 Wall. 335, 347 (1872)).

[24] *Id.* at 11 (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)).

[25] *Id.* at 11–12.

5

judicial capacity are those not "normally performed by a judge" or those where a party does not believe the party is dealing with a judge in the judge's judicial capacity.[26]

Here, all of Plaintiff's claims against Jude Lee are based on actions taken in his judicial capacity overseeing the divorce and custody proceedings to which Plaintiff is a party. There is no question that Jude Lee had jurisdiction to take these actions.[27] Therefore, any claim for money damages is barred by absolute judicial immunity.

D.     REMAINING CLAIMS

Plaintiff's Complaint also brings a variety of claims under various provisions of the United States Constitution, federal law, and the Federal Rules of Civil Procedure and Evidence.[28] These claims do not state a plausible claim for relief and must be dismissed.

IV. CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Dismiss (Docket No. 4) is GRANTED. Plaintiff's claim against Defendant for money damages is dismissed with prejudice. All other claims are dismissed without prejudice.

DATED this 6th day of March, 2018.

BY THE COURT:

Ted Stewart
United States District Judge

---

[26] *Id.* at 12.

[27] Utah Const. art. VIII, § 5 (providing that "[t]he district court shall have original jurisdiction in all matters except as limited by this constitution or by statute").

[28] Docket No. 3, at 20–21.

6